IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOY DAWN BEATTY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Civil Action No. 21-12-J ) |
| KILOLO KIJAKAZI,[1] *Acting Commissioner of Social Security*, | ) ) ) ) |
| Defendant. | ) |

ORDER

AND NOW, this 24th day of May 2022, the Court has considered the parties' motions for summary judgment and will order judgment in Defendant's favor except as to costs.[2] The final decision denying Plaintiff's application for supplemental security income ("SSI") pursuant to Title XVI of the Act, 42 U.S.C. § 1381 *et seq.*, is supported by substantial evidence and, therefore, will be affirmed. *Ramirez v. Barnhart*, 372 F.3d 546, 550 (3d Cir. 2004).[3]

---

[1] Kilolo Kijakazi is hereby substituted as Defendant pursuant to Federal Rule of Civil Procedure 25(d). The change has no impact on the case. 42 U.S.C. § 405(g). The Clerk is directed to amend the docket to reflect the substitution.

[2] Costs have been requested by Defendant but not briefed by the parties. Therefore, the Court's order in Defendant's favor excludes an award of costs. *See Pa. Dep't of Pub. Welfare v. U.S. Dep't of Health & Hum. Servs.*, 101 F.3d 939, 945 (3d Cir. 1996).

[3] Plaintiff argues that the Administrative Law Judge ("ALJ") erred in finding her not disabled because he inaccurately determined her residual functional capacity ("RFC"). She challenges the ALJ's RFC on account of its lack of an express limitation or limitations arising from her mental impairments. She further argues that, even if the Court reads the ALJ's RFC finding as having included a "simple instructions" limitation, such limitation was premised upon overlooked and mischaracterized evidence. For the reasons explained herein the Court concludes to the contrary that the ALJ's RFC finding is supported by substantial evidence; therefore, the Court will grant Defendant's motion for summary judgment.

The Court reviews the ALJ's decision pursuant to the "deferential" substantial evidence standard. *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004) (citation omitted). Substantial

evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citation omitted); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citation omitted).  The ALJ's decision must "stand or fall with the reasons set forth in" his or her decision. *Keiderling v. Astrue*, No. CIV.A. 07-2237, 2008 WL 2120154, at *3 (E.D. Pa. May 20, 2008) (citation omitted).  To facilitate review, an ALJ must provide "the reasons for his decision." *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 119 (3d Cir. 2000). Conclusions alone are not amenable to review. *Id.*; *Gamret v. Colvin*, 994 F. Supp. 2d 695, 698 (W.D. Pa. 2014) (citation omitted) (explaining that ALJs must "build an accurate and logical bridge between the evidence and the result.").  ALJs are not, however, required to use "particular language" or "a particular format" to express their findings. *Jones*, 364 F.3d at 505.

ALJs employ a five-step sequential evaluation to determine disability.  20 C.F.R. § 416.920(a)(1).  The finding at issue in this matter—Plaintiff's RFC—is made at step four where the ALJ must determine whether a claimant can return to past relevant work notwithstanding limitations arising from his or her impairments. *Id.* § 416.920(a)(4)(iv); *Morasco v. Kijakazi*, No. CV 21-130, 2022 WL 296286, at *1 n.4 (W.D. Pa. Feb. 1, 2022) (citation omitted).  If the claimant cannot return to past relevant work or, like Plaintiff, has no such work (R. 20), the ALJ assesses the claimant's capacity for other work at the fifth step using the claimant's RFC and other vocational factors. *Id.* § 416.920(a)(4)(v).  A claimant's RFC represents the most he or she can do on an ongoing basis despite his or her impairments.  SSR 96-8P, 1996 WL 374184, at *2 (S.S.A. July 2, 1996).  It is based on "all of the relevant evidence in the case record" and accounts for all credibly established limitations whether they arise from severe or non-severe medically determinable impairments. *Id.*; *Sudler v. Comm'r of Soc. Sec.*, 827 Fed. Appx. 241, 245 (3d Cir. 2020) (citing *Rutherford v. Barnhart*, 399 F.3d 546, 554 (3d Cir. 2005)) ("A claimant's RFC should adequately reflect his or her 'credibly established limitations[.]'").

In this case, the ALJ determined that Plaintiff suffered from eleven severe, medically determinable impairments. (R. 14).  Plaintiff's impairments were both physical and mental, and included anxiety, depression, attention deficit hyperactivity disorder, borderline intellectual functioning, a reading disorder, a cognitive disorder, an adjustment disorder, and a mixed receptive language disorder. (*Id.*).  When the ALJ articulated the RFC, he found Plaintiff could perform "light work" with additional physical restrictions but appeared to include no limitations arising from Plaintiff's mental impairments. (R. 17).  Plaintiff argues this constitutes harmful error because a severe, medically determinable impairment is an impairment that results in a more than minimal limitation on a claimant's ability to do basic work activities.  Therefore, contends Plaintiff, her severe mental impairments ought to have been reflected in the limitations included in the RFC.  However, Plaintiff also tacitly acknowledges that the ALJ appeared to account for a limitation to understanding, remembering, and carrying out "simple instructions." (Doc. No. 16, pg. 4).  And it is clear to the Court that the omission of such limitation from the ALJ's statement of the RFC was likely an unintentional error.  The ALJ referenced a "simple instructions" limitation elsewhere in his decision (R. 19) and presented it to the vocational expert ("VE") at Plaintiff's hearing.  At that time, the ALJ asked the testifying VE whether an individual who could do "light" work and "understand, remember, and carry out simple instructions" could "perform work in the National Economy?" (R. 53).  The VE responded that

work would be available and gave three examples of appropriate occupations. (*Id.*). The ALJ relied on this testimony and the three occupations identified by the VE to find Plaintiff not disabled. (R. 20—21).

Because the ALJ's omission of the "simple instructions" limitation from his statement of the RFC at R. 17 appears to be a technical error that had no effect on the outcome of the case, the Court considers Plaintiff's other arguments as though the "simple instructions" limitation was included in the RFC finding. Plaintiff argues that even if the Court accepts the "simple instructions" limitation as part of the RFC, the RFC is not supported by substantial evidence because the ALJ ignored or mischaracterized evidence that would have supported further mental limitation(s). As explained above, substantial evidence demands an adequate statement of reasons with citation to evidence that would satisfy a reasonable mind without ignoring or mischaracterizing contrary evidence. *Gamret*, 994 F. Supp. 2d at 698. Accordingly, the Court assesses the "simple instructions" RFC finding to determine whether the ALJ provided a statement of reasons wherein he relied on evidence that would satisfy a reasonable mind without ignoring or mischaracterizing contrary evidence.

There can be no doubt the ALJ provided a statement of reasons with evidence that would satisfy a reasonable mind as to the appropriateness of a "simple instructions" limitation in the RFC. In his decision, the ALJ rendered a clear account of the evidence probative of Plaintiff's mental impairments and associated limitations. He acknowledged Plaintiff's "reported difficulty focusing" and alleged anxiety with certain daily activities. (R. 17—18). He reviewed Plaintiff's outpatient counseling records and found that these frequently revealed unremarkable mental status examinations in the years relevant to Plaintiff's benefits application. (R. 18). For instance, Plaintiff had a "coherent" thought process and normal memory, insight, judgment, and anxiety since before her November 2018 application date through December 2019. (R. 18). Her medications appeared to be tolerated well without adverse effects. (*Id.*). From those records the ALJ determined that while the objective evidence of Plaintiff's mental impairments corroborated her symptoms, they served to undermine their alleged severity. (*Id.*). The ALJ further found that the State agency psychological consultants who limited Plaintiff to short and simple instructions had reached a conclusion that was consistent with the rest of the record. (R. 19).

Despite this statement of reasons and supporting evidence, Plaintiff argues the ALJ ignored and mischaracterized evidence supporting further mental limitation(s). She suggests that the ALJ should have included additional mental limitations in the RFC based on her other diagnoses, *e.g.*, mild mental retardation. However, diagnosis alone does not establish functional limitation(s). *Clifford v. Berryhill*, No. CV 18-37, 2019 WL 1115849, at *3 n.2 (W.D. Pa. Mar. 11, 2019) (citing *Foley v. Comm'r of Soc. Sec.*, 349 Fed. Appx. 805, 808 (3d Cir. 2009)). Plaintiff also argues that the ALJ overlooked her Peerstar, LLC (hereinafter "Peerstar") records which, she argues, showed that she needed assistance for daily tasks, exhibited poor communication, engaged in inappropriate social behaviors, and struggled to control her anger. The Court, however, finds that those records were not entirely overlooked. In his discussion of the large record in this case, the ALJ acknowledged Plaintiff's Peerstar records in his summation of the objective evidence of Plaintiff's mental impairments and associated symptoms. (R. 18). He cited it and other evidence in his observation that Plaintiff consistently demonstrated "good

eye contact, a cooperative and friendly manner, coherent thought processes, no phobias or delusions, and normal memory, insight, orientation, judgment and anxiety level." (*Id.* (citing Ex. B15F)).

Plaintiff argues that a more thorough look at the Peerstar records reveals that she needed help with uncomplicated daily tasks. (Doc. No. 16, pg. 7 (citing R. 1109)). She cites notes from her Peerstar records that indicate she required support for self-care, impulse control, living skills, transportation, and intellectual development. (*See* R. 1109, 1152, 1182, and 1186 (indicating that Plaintiff was assisted in making plans for housing and budgeting and was noted to need help developing her cleaning skills)). However, having reviewed those records, the Court finds that they do not reflect severe mental deficiencies nor contradict the ALJ's findings that Plaintiff could perform daily activities such as spending time with others, preparing simple meals, or going to the library. (R. 16). Many of Plaintiff's Peerstar records indicate she was working on her interpersonal skills, with the aim of establishing healthier romantic and familial relationships. (*See e.g.*, R. 1072, 1114, 1131, 1145, 1234 (reflecting that Plaintiff was working on eliminating unhealthy relationships from her life, improving communication, and addressing codependency)). Such evidence is not inconsistent with the ALJ's finding that Plaintiff had no history of difficulty interacting with authority figures or other people generally. (R. 16). The ALJ's decision might have been stronger had he detailed his consideration of the Peerstar records, but ALJs are not required to "reference every relevant treatment note." *Trudgen v. Saul*, No. CV 20-735, 2021 WL 3883977, at *1 n.2 (W.D. Pa. Aug. 31, 2021) (citing *Fargnoli v. Massanari*, 247 F.3d 34, 42 (3d Cir. 2001)). And while the Peerstar records might have been relied upon to support a different RFC finding, the mere presence of evidence that could support a different conclusion does not undermine an ALJ's adequately supported findings. *Malloy v. Comm'r of Soc. Sec.*, 306 Fed. Appx. 761, 764 (3d Cir. 2009).

Plaintiff further argues that the ALJ afforded the State agency medical consultants' opinions too much weight when they lacked the opportunity to review her Peerstar records. However, the Court finds no error where the ALJ did not afford their opinions decisive weight nor premised his RFC determination entirely upon their findings. Plaintiff also challenges the ALJ's characterization of the consultants' findings, arguing that the ALJ disregarded a material difference between their articulations of an instructions limitation and his "simple instructions" limitation. Dr. Mancini found Plaintiff to be moderately limited by her "psychologically-based symptoms" and, therefore, found she would be "able to carry out very short and simple instructions (i.e., perform one and two step tasks)." (R. 95). Dr. Rattan similarly found that Plaintiff could "carry out very short and simple instructions" to perform one or two step tasks. (R. 111—12). The ALJ, discussing their findings, explained that their findings were "generally similar in that they reduce the claimant to understanding, remembering and carrying out simple instructions" which was "consistent with the medical evidence as a whole." (R. 19).

Though the "very short and simple instructions (i.e., perform one and two step tasks)" and "simple instructions" limitations are not identically formulated, and the ALJ could have been more precise in his discussion of the consultants' findings in this regard, the Court discerns no material mischaracterization of the consultants' findings. In this case, the ALJ ultimately identified two occupations for Plaintiff that demanded only Level 1 Reasoning. Level 1

4

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 15) is DENIED and Defendant's Motion for Summary Judgment (Doc. No. 17) is GRANTED as specified above.

/s Alan N. Bloch
United States District Judge

ecf:   Counsel of Record

---

Reasoning "requires the ability to 'apply commonsense understanding to carry out *simple one- or two-step* instructions.'" *Delestienne v. Saul*, No. CV 20-1349, 2021 WL 5744684, at *1 n.3 (W.D. Pa. Dec. 2, 2021) (citation omitted). Articulating the distinctions among the different Reasoning levels, this Court has explained that a "simple instructions" limitation is generally consistent with Level 1 Reasoning. *Id.* Accordingly, the Court detects no harmful error in this case where, based in part on the consultants' findings, the ALJ presented a "simple instructions" limitation to the VE and the VE identified Level 1 Reasoning occupations for Plaintiff. Additionally, Plaintiff's argument that the job descriptions of the occupations identified for her "reveal, facially, that all three require more than 2 step instructions/directions" (Doc. No. 16, pg. 13) is contradicted by at least two of the occupations' Level 1 Reasoning requirements.

Based on the foregoing, the Court finds no error or oversight in the ALJ's analysis that so undermines the decision that it cannot be found to be supported by substantial evidence. Though certain evidence might have been marshaled to support alternative conclusions, the evidence now emphasized by Plaintiff does not overwhelm the evidence the ALJ cited in support of his decision. *See Morales v. Apfel*, 225 F.3d 310, 318 (3d Cir. 2000). Accordingly, the Court will affirm the decision. The Court notes in closing that further discussion of the Peerstar records and more detail as to how the ALJ arrived at the "simple instructions" limitation would have aided the Court's review of the matter. However, the low threshold for evidentiary sufficiency, *Biestek*, 139 S. Ct. at 1154, was here cleared, making affirmance the most appropriate outcome.